```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -x
In re:                              :
KIM E. SAWYER                       :    BK No. 08-11022
            Debtor                            Chapter 7

- - - - - - - - - - - - - - - - - -x
```

## ORDER DENYING APPROVAL OF REAFFIRMATION AGREEMENT

**A.  Facts and Travel**

Before the Court is the Debtor's Motion to Approve a Reaffirmation Agreement (the "Agreement"), in the amount of $26,331 with HSBC Auto Finance covering the Debtor's 2007 Dodge Caliber motor vehicle.  The Debtor's sworn statement of monthly income of $6,360 and expenses of $6,555, discloses a shortfall of $175.  The matter was set for hearing on June 25, 2008, to determine whether the presumption of undue hardship has been rebutted, and whether approval of the Agreement is otherwise in the Debtor's best interest. See 11 U.S.C. § 524(m)(1).

In addition to the monetary shortfall, the Debtor also failed to complete a relevant part of the Agreement, which states:

> "I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here:"

See Form 240A, Reaffirmation Agreement (1/07), Part D, ¶ 1.

The Debtor's attorney also failed to accurately complete the part of the Agreement indicating that there is a shortfall (and

BK No. 08-11022

therefore a presumption of undue hardship) and, contrary to the financial information provided, she certified, instead, that "this agreement does not impose an undue hardship on the Debtor or any dependent of the Debtor."

In addition, the following relevant facts adduced at the hearing all militate against Court approval of the Reaffirmation Agreement: (1) the market value of the motor vehicle is approximately $16,000; (2) the balance due on the note is $26,330, leaving more than $10,000 in unsecured debt; (3) the interest rate is 12.99%; (4) the Debtor is current in her installment payments; and (5) no Statement of Intention was filed by the Debtor in this case.

**B. Discussion**

As we noted recently in *In re Visnicky*, -- B.R. --, 2009 WL 425254 (Bankr. D.R.I. Feb. 19, 2009), for a party to rebut the presumption of undue hardship, § 524(m)(1), requires the Debtor to file a written statement identifying, to the satisfaction of the Court, the source(s) of the funds needed to make up the shortfall.

In this case, the Debtor failed to file a written statement identifying the source of the funds needed to make up the shortfall. Instead, at the hearing, the Debtor maintained that the vehicle is used by her husband, who, she represented, is also liable on the car loan, and that he will be making the payments. Mr. Sawyer is not

BK No. 08-11022

listed as a co-obligor on this vehicle on any of the Debtor's bankruptcy schedules. The Debtor's explanations are also problematic in that the income figures included on Schedule I and in the Agreement already include both her and her non-debtor husband's earnings, and even with this combined income there is still the shortfall. In addition to the Debtor's credibility problems with this Court, at hearing her counsel argued that the Debtor was "*only short* $174.80," as if this amount is so insignificant that it alone would serve to rebut the presumption of undue hardship, or perhaps that such a small amount will be excused by the creditor each month. The amount of the shortfall is irrelevant, since in either event the Debtor is unable to pay the reaffirmed debt, according to her own calculations.

Based on the totality of the circumstances here, i.e., insufficient cash to service this Agreement, the unfavorable interest rate, the fact that the vehicle is worth $10,000 less than the amount sought to be reaffirmed, and the lack of reliability of the Debtor's position, it is clear that this Agreement constitutes an undue financial hardship for this Debtor. Having presented absolutely no credible evidence to rebut the presumption, the Court declines to approve the Reaffirmation Agreement. But this is not the end of this discussion.

BK No. 08-11022

Because of the emergence of a disturbing and growing trend, at least in this Court, to arrange the facts and figures to satisfy the desired results, debtors and their attorneys are cautioned that all schedules, reaffirmation agreements, certifications, and representations are expected to be accurate and truthful. Further, if the debtor's own information indicates negative regular income, counsel and/or the debtor need to complete the reaffirmation agreement accurately and truthfully, or be subject to the range of penalties and sanctions provided under the Bankruptcy Code, *see In re Visnicky*, -- B.R. --, 2009 WL 425254 (Bankr. D.R.I. Feb. 19, 2009), *In re Mendoza*, 347 B.R. 34, 38 (Bankr. W.D. Tx. 2006). Reaffirmation proceedings were never intended to be, and will not be treated by this Court as casual, perfunctory proceedings to be briefly endured, in order to keep the car.

Most importantly, however, and notwithstanding that this Reaffirmation Agreement is not being approved, this ruling does not constitute Bankruptcy Court authorization for the creditor to repossess the vehicle, *if* there has been no payment default, and there is a co-obligor on the note. The parties are referred again to *In re Visnicky*, -- B.R. --, 2009 WL 425254 (Bankr. D.R.I. Feb. 19, 2009) and R.I. Gen. L. § 6-51-3, the Rhode Island Automobile Repossession Act, which could be of considerable assistance to Debtors opposing state court repossession actions. *See In re*

BK No. 08-11022

*Callejas*, 2008 WL 4587901 (Bankr. E.D. Va. 2008) ("In this case there is a co-obligor who has not filed for bankruptcy, and that it is at least doubtful whether a bankruptcy default clause, even if otherwise enforceable, would apply when only one of two or more joint obligors had filed for bankruptcy.").

So Ordered.

Dated at Providence, Rhode Island, this 24th day of February, 2009.

_____
Arthur N. Votolato
U.S. Bankruptcy Judge

Entered on docket: 2/24/09